LOTTINGER, Judge.
The Lower Court rendered judgment herein in favor of plaintiff, Mrs. Sallie Rushing Billings, individually and for the use and benefit of her minor son, Ronald Joseph Billings, against the defendant insurer, The Travelers Indemnity Company, in the sum of $20,028.15, together with legal interest from October 22, 1963, and all costs, for damages arising out of an accident in which the minor was involved as a guest passenger on May 23, 1963. The defendant has appealed and, as there is no question as to liability, the sole issue presented is that of quantum.
Just previous to the accident, young Billings, who was then sixteen years of age, was seated on the right front seat of defendant’s assured’s automobile which overturned causing serious physical injuries to Billings and particularly to his right eye. Pie was taken to the Plaquemine Sanitarium immediately after the accident where examination revealed a large hole in the area of his right eye where flesh, skin and subcutaneous tissue had been torn out and portions of the upper and lower eyelids were torn off. There was a deep, penetrating wound extending into the eye socket and the outer part of the eye socket where the malar bone is joined by the frontal bone was exposed. The malar bone was fractured and there was hemorrhage and contusion of the tissues and the muscles around the eye. He also received injuries to his chest and neck.
Edema and swelling set in the injured area. As the result of infection, surgery was delayed for a week. During a portion of this period his head was immobilized between two sand bags and pleurisy developed.
An operation was performed on May 30, 1963, which took two and one-half hours and necessitated seventy-eight su *355 tures. The operation was performed under a general anesthetic. Due to the location of the wound, a mask could not he applied to the face and liquid ether was induced through a tube inserted in the patient’s throat which resulted in extreme nausea and pain.
Young Billings was discharged on June 18, 1963, after a hospital confinement of twenty-seven days during which time he was seen by Dr. Little approximately ten times. Subsequent to his discharge and previous to his second admission to the hospital, he made some fourteen trips to Baton Rouge for treatment by Dr. Little. As the family did not own an automobile, he made a number of these trips by “hitchhiking”. During this period, it was necessary for Dr. Little, on several occasions, to remove under topical anethesia furuncles or cysts that developed in the area of the wound.
On August 23, 1963, a second operation was performed which involved what is known as the Wicherkiwicz procedure. This surgery took one and one-half hours and was performed under a local anesthetic. The patient suffered quite a bit of pain both during the operation and the next day for which he was administered codein and demerol. After a confinement in the hospital for ten days, the patient was discharged. Thereafter he made fourteen more trips to Baton Rouge by “hitchhiking” for treatment by Dr. Little.
It appears that little, if any, improvement in young Billings’ appearance resulted from the surgery on August 23, 1963, and on November 27, 1963, another plastic operation was performed which took three hours to complete. At the time of trial, he was still “hitchhiking” to Baton Rouge for treatment by Dr. Little.
The medical testimony reflects that it is entirely possible that future surgery may be needed; however, all doctors were quite wary of the risk involved. It appears that young Billings’ best eye is his right eye and the risk of losing it from possible infection induced by further surgery would make an operation too hazardous to risk.
The photographs introduced into evidence reveal that as a result of the wound, young Billings has an avulsion of the eyelids of the right eye which caused an opening to remain in the eye even when it is closed which allows the entry of dust and other foreign particles and which can be the cause of the cysts. As the result of the inversion of the upper lid, some of the eyelashes turn downward and rub against the cornea causing pain and discomfort.
As a result of the injury, the partial loss of the eyelids and the exposure of the conjunctiva, the plaintiff has chronic conjunctivitis in his right eye. This produces pain and causes the eye to exude a thick, mucous secretion which in turn causes the eyelids to stick together. Medicine has been prescribed and is being used by the plaintiff for this discomfort which, nevertheless, causes a constant itching and irritating sensation.
Words cannot describe what the photographs in evidence reveal as to the disfigurement present in the area of young Billings’ right eye. One of the doctors described his appearance as “bizarre”. Evidently the disfigurement has had an emotional, mental impact on this young man. He wears dark glasses all the time and being conscious of his physical appearance, no longer enjoys the company of the opposite sex as he did previously. Before the accident, he was active in his school band and in a “rock-and-roll” band which activities he has stopped as a result of his condition.
We are impressed to a considerable extent by the pain and suffering which this young man has undergone to date and by the irritation and discomfort that he will suffer in the future. We are likewise impressed by the disfigurement he has suffered and by the humiliation and embarrassment which it has caused and will continue *356 to cause him. Medical expenses were proven to amount to $4,028.15. All things considered, we do not believe that the Trial Judge abused his discretion in assessing the damages in this cause and the judgment appealed from is, therefore, affirmed.
We are of the opinion that the amount allowed is not excessive but that the judgment should be corrected to show that Mrs. Sallie Rushing Billings shall have judgment in her favor individually in the amount of $4,028.15 and in her favor as Tutrix for the use and benefit of her minor son, Ronald Joseph Billings, in the amount of $16,000.00 against the defendant insurer, The Travelers Indemnity Company, together with legal interest and cost and as amended the judgment is affirmed.
Judgment affirmed.